By the Court.
Hoffman, J.
The questions in the case arise upon the following facts:
T. A. C. Green, a dealer and depositor with the defendants, entered into a fraudulent arrangement with Ralph Peck, the teller of the defendants, by which the checks in question drawn upon the bank, were certified to be good. Green wanted to employ them abroad to aid in his purchase or speculations in stock, or in establishing a bank. The teller had a general authority to certify cheeks, qualified with the direction not to certify them without funds, and to enter them in what was termed a certification book. *220 The teller violated his duty and instructions in these particulars. "We consider the plaintiffs as standing in the character of bonâ fide holders of the checks, without notice of the fraud. The plaintiffs passed the amount to Green’s credit as payment for his instalments upon the stock subscribed for; and such stock has been issued and is held by other parties. White v. The Springfield Bank, (3 Sand. S. C. Rep. 222,) is sufficient to justify the-conclusion that the plaintiffs are bond fide holders for value.
Apart from the circumstances of the fraudulent act of the teller in conjunction with Green, the question of authority to give the certificate appears to be settled in this court, by the case of Willett v. The President of the Phœnix Bank, (2 Duer, 121.) The evidence of an actual authority here is as strong as the admission on the pleadings there. There was in that case also fraud or laches on the part of the teller, as noticed in the opinion, by permitting the drawer of the check to withdraw the funds appropriated to the payment; but that was held not to be enough to excuse the bank.
The case as to the fraud is one of the abuse of an admitted delegated power on the part of an agent, and it is supposed to be now established law that in such a case, the principal is responsible to innocent parties.
The remaining point is, whether the plaintiffs’ rights were affected by the delay in presenting the check for payment for about a year.
Checks certified in this manner by bankers in England are used and deposited as bills of the bank.
They are in effect accepted bills, of exchange payable on demand at any time after such acceptance.
In the matter of E. Bruce, (2 Story’s Rep. p. 502,) Robson v. Bennett, (2 Taunton, 388.)
As between the holder and the bank, this acceptance renders the latter the primary debtor, and the cases relating to the duty of demand of payment within a reasonable time, become inapplicable. Those cases govern the relation between the holder and the drawer. (Little v. The Phœnix Bank, 2 Hill, 426.)
In the case of Willett v. The Phœnix Bank before cited, this court held, that such a certificate upon a check, was an unconditional engagement to hold a sufficient amount of the funds of the *221 drawer to meet the check, and that delay on the part of the holder in demanding payment could not impair his right. It was not imputable as laches.
The charge and ruling of the Judge at the trial was consistent with these views of the law, and we see no reason to disturb the verdict or judgment.
Judgment affirmed, with costs.